IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SYLVESTER TURNER, JR.,

      Petitioner,

v.                                             Civil Action No. 3:11cv757

BRYANT WATSON,

      Respondent.

## MEMORANDUM OPINION

Petitioner Sylvester Turner, Jr., a Virginia state prisoner proceeding *pro se*, filed this

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] ("§ 2254 Petition")

challenging his conviction in the Circuit Court of the County of Hanover (hereinafter "the Circuit

Court") of carjacking after having been twice convicted of a violent felony.  Turner contends that

he is entitled to federal habeas relief based on the following grounds:

> Ground 1–Ineffective Assistance of Trial Counsel: "Counsel was ineffective in pretrial
> investigations and court proceedings creating irreparable conflict, which [led] to the
> impeding of counsel's duty to conduct a viable and diligent defense, as guaranteed by the

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
> entertain an application for a writ of habeas corpus in behalf of a person in
> custody pursuant to the judgment of a State court only on the ground that he is in
> custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

6th[2] and 14th Amendment to the U.S. Constitution." (§ 2254 Pet. 5.)[3] Ground 1 contains two distinct parts: (a) Turner alleges that trial counsel's lack of investigation and failure to act with due diligence resulted in a denial of his speedy trial rights; and, (b) Turner alleges that trial counsel's conduct in moving for a continuance resulted in the denial of counsel of Turner's choice. (*Id.* at 25-27.)

Ground 2–Ineffective Assistance of Appellate Counsel: "Appellate counsel fail[ed] to present evidence to support [Turner's] request for change of counsel, violating [Turner's] right to an effective review on appeal as guaranteed by the 6th and 14th Amendment[s] to the U.S. Constitution." (*Id.* at 6-7.)

Ground 3–Judicial Misconduct: "The trial court violated [Turner's] due process [rights[4]] by instructing the jury to use [Turner's] past criminal history for more th[a]n the probative value it was introduced for, violating [Turner's] 14th Amendment to the U.S. Constitution." (*Id.* at 8.) Ground 3 contains two distinct parts: (a) Turner argues that his due process rights were violated by the introduction of evidence of his prior violent felonies during the guilt phase of the trial; and, (b) Turner challenges the jury instruction allowing the jury to consider his prior felony convictions in weighing his credibility. (*Id.* at 30-31.)

Ground 4–Judicial Misconduct: "The trial court erred in [its] order reflecting a continuance had occurred, effectively waiving [Turner's] speedy trial rights.[5]" This ruling viol[a]ted [Turner's] due process rights as guaranteed by the 14th Amendment to the U.S. Constitution." (*Id.* at 10.)

Ground 5–Insufficient Evidence: "[Turner's] conviction was obtained as a result of evidence that was insufficient to persuade a properly instructed jury of guilt beyond a doubt as required by the 14th Amendment to the U.S. Constitution." (*Id.* at 15.)

Ground 6—Prosecutorial Misconduct: "The prosecution intentionally distorted material fact[]s that [a]ffected the truth-seeking function o[f] the trial process, violating [Turner's]

---

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[3] Because Turner did not sequentially number the pages in his § 2254 Petition, the Court will refer to the pages as numbered by CM/ECF.

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

[5] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI.

due process rights as guaranteed by the 6th Amendment to the U.S. Constitution." (*Id.* at 15.)

Respondent filed a Motion to Dismiss (Docket No. 4) with appropriate *Roseboro*[6] notice (Docket No. 7), and Turner filed a response in opposition (Docket No. 11). Jurisdiction exists under 28 U.S.C. §§ 636(c) and 2254. The matter is ripe for adjudication. For the reasons that follow, the Court will GRANT Respondent's Motion to Dismiss.

## I. Factual and Procedural History[7]

On October 16, 2007, a grand jury sitting in the County of Hanover returned two indictments charging Turner with robbery after having been twice convicted of a violent felony and carjacking after having been twice convicted of a violent felony. Indictment, *Commonwealth v. Turner*, No. CR7000640-00 (Va. Cir. Ct. filed October 16, 2007); Indictment, *Commonwealth v. Turner*, No. CR07000640-01 (Va. Cir. Ct. filed October 16, 2007). On December 19, 2007, the Commonwealth moved to nolle prosequi the robbery charge, and both parties jointly moved to continue the carjacking charge until March 4, 2008. Continuance and Nolle Prosequi Order, *Commonwealth v. Turner*, No. CR07000640 (Va. Cir. Ct. entered Dec. 19, 2007). Following a March 4, 2008 jury trial, the jury convicted Turner of carjacking after having been twice convicted of a violent felony and recommended a sentence of life imprisonment. Jury Trial Order, *Commonwealth v. Turner*, No. CR07000640 (Va. Cir. Ct. entered Mar. 19, 2008). On May 20, 2008, the Circuit Court imposed a life sentence. Sentencing Order, *Commonwealth v. Turner*, No. CR07000640 (Va. Cir. Ct. entered May 30, 2008).

---

[6] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[7] The Court will provide more detailed facts from the state proceedings where relevant under each asserted claim for relief.

3

Turner pursued a direct appeal, raising Ground 5 among other contentions. *Turner v. Commonwealth*, No. 1571-08-2 (Va. App. Ct. Feb. 4, 2009). Both a single judge and a three-judge panel of the Court of Appeals for Virginia denied Turner's appeal. *Turner v. Commonwealth*, No. 1571-08-2 (Va. App. Ct. Apr. 23, 2009); *Turner v. Commonwealth*, No. 1571-08-2 (Va. App. Ct. Feb. 4, 2009). The Supreme Court of Virginia likewise refused Turner's petition for appeal. *Turner v. Commonwealth*, No. 091048 (Va. Nov. 18, 2009).

On November 15, 2010, the Supreme Court of Virginia received Turner's state habeas petition, raising Grounds 1(a), 1(b), 2, 3(b), and 4. Petition for Writ of Habeas Corpus, *Turner v. Warden of the Sussex I State Prison*, No. 102169 (Va. received Nov. 15, 2010). Turner attempted to supplement his state habeas petition with Ground 6, but the Supreme Court of Virginia denied his requests to supplement. Order, *Turner v. Warden of the Sussex I State Prison*, No. 102169 (Va. entered Feb. 28, 2011); Order, *Turner v. Warden of the Sussex I State Prison*, No. 102169 (Va. entered Jan. 24, 2011); Mot. Traverse Supp'l Exhaustion Issue, *Turner v. Warden of the Sussex I State Prison*, No. 102169 (Va. received Feb. 22, 2011); Petition for Habeas Corpus, *Turner v. Warden of the Sussex I State Prison*, No. 102169 (Va. received Dec. 20, 2010). On November 4, 2011, the Supreme Court of Virginia dismissed Turner's state habeas petition, finding some claims procedurally barred and other claims meritless. *Turner v. Warden of the Sussex I State Prison*, No. 102169 (Va. Nov. 4, 2011).

On November 7, 2011, Turner filed his § 2254 Petition in this Court.[8] Respondent's Motion to Dismiss contends that some grounds should be dismissed as procedurally defaulted,

---

[8] The Court considers a prisoner's habeas corpus petition filed on the date he delivers his petition to prison authorities for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

while the remaining grounds should be dismissed on the merits. As discussed below, the Court will DISMISS Grounds 3(a), 3(b), and 6 as procedurally defaulted, and will DISMISS Grounds 1(a), 1(b), 2, 4, and 5 on the merits.

## II. Standard of Review

This Court's power to grant relief by way of a writ of habeas corpus is circumscribed by 28 U.S.C. §§ 2254(d) and 2254(e)(1). Under Section 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). A petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* Under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is "contrary to" clearly established law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002) (*citing Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). A decision is an "unreasonable application" of Supreme Court law "if the state court correctly identifies the governing legal principle . . . but unreasonably applies it to the facts of the particular case." *Id.* at 694 (*citing Williams*, 529 U.S. at 407-08). Demonstrating that a state court's decision is unreasonable requires overcoming "a substantially higher threshold" than simply demonstrating error. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)

5

(*citing Williams*, 529 U.S. at 410).[9]  Additionally, "when assessing the reasonableness of the state court's application of federal law, the federal courts are to review the result that the state court reached, not whether [its decision] [was] well reasoned." *Larry v. Branker*, 552 F.3d 356, 365 (4th Cir. 2009) (alterations in original; internal quotations omitted).

### III.  Grounds 3(a), 3(b), and 6:  Exhaustion and Procedural Default

As discussed below, the Court will dismiss Grounds 3(a) and 6 as unexhausted and procedurally defaulted and will dismiss Ground 3(b) as procedurally defaulted.

### A.      Applicable Law on Exhaustion and Procedural Default

State exhaustion "'is rooted in considerations of federal-state comity,'" and in the Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)).  The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted).  Exhaustion has two aspects.  First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999).  As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he [or she] has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

---

[9] In light of the foregoing statutory structure, the findings made by the state courts figure prominently in this Court's opinion.

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his [or her] claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*quoting Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles'" must be presented to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (*quoting Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994, 995 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his [or her] federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his [or her] claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting*

*Coleman*, 501 U.S. at 735 n.1).[10]  The burden of pleading and proving that a claim is

procedurally defaulted rests with the state.  *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th

Cir. 2010) (citing cases).  Absent a showing of cause and prejudice or a fundamental miscarriage

of justice, this Court cannot review the merits of a defaulted claim.  *See Harris v. Reed*, 489 U.S.

255, 262 (1989).

> B.   **Ground 3**
>
>> 1.   **Ground 3(a):  Failure to Exhaust and Procedural Default**

In Ground 3(a), Turner argues that his due process rights were violated by the

introduction of evidence of his prior violent felonies during the guilt phase of the trial.  (§ 2254

Pet. 30.)  According to Turner, due process required adjudication of the carjacking offense prior

to presentation of evidence under Virginia's Three Strikes Law.[11]  (§ 2254 Pet. 30 ("Presenting

this past history evidence before the trial and adjudication of the primary offense taints the jury

and fundamental fairness required by the 14th Amendment.").)  Turner failed to fairly present

this portion of Ground 3 to the Supreme Court of Virginia.  In his state habeas, Turner expressed

---

[10] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met."  *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (*citing Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

[11] This statute provides in relevant part:

Any person convicted of two or more separate acts of violence when such offenses were not part of a common act, transaction or scheme, and who has been at liberty . . . between each conviction, shall, upon conviction of a third or subsequent act of violence, be sentenced to life imprisonment and shall not have all or any portion of the sentence suspended, provided it is admitted, or found by the jury or judge before whom he is tried, that he has been previously convicted of two or more such acts of violence.

Va. Code § 19.2-297.1(A).

his "displeasure in the use of [his] past criminal history before adjudication of the primary offense," but recognized that such was allowed under Virginia law.  Petition for Habeas Corpus at 8, *Turner v. Warden of the Sussex I State Prison*, No. 102169 (Va. received Nov. 15, 2010). Because he did not assert any federal constitutional challenge to the introduction of his prior violent felonies during the guilt phase, he has not fairly presented Ground 3(a) to the Supreme Court of Virginia. *Baker*, 220 F.3d at 289.

If Turner were to attempt now to present Ground 3(a) to the Supreme Court of Virginia, that court would find the claim procedurally defaulted as time-barred pursuant to Va. Code § 8.01-654(A)(2)[12] and successive pursuant to Va. Code § 8.01-654 (B)(2).[13]  Both Virginia's statute of limitations for habeas actions and successive petition bars are adequate and independent procedural rules when so applied. *See George v. Angelone*, 100 F.3d 353, 363-64 (4th Cir. 1996); *Sparrow v. Dir. Dep't of Corr.*, 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006). Further, the Supreme Court of Virginia would find this claim procedurally barred pursuant to

---

[12] This statute provides:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code § 8.01-654(A)(2).

[13] This statute provides in relevant part:

> Such petition shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition. No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.

Va. Code § 8.01-654(B)(2).

*Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974), because it should have been, but was not, raised on direct appeal to the Supreme Court of Virginia. *Slayton* is an adequate and independent state procedural rule when so applied. *Mu'Min v. Pruett*, 125 F.3d 192, 196-97 (4th Cir. 1997). Thus, Ground 3(a) is procedurally defaulted.

### 2.    Ground 3(b):  Procedural Default

Turner's judicial misconduct claim in Ground 3(b) challenges the jury instruction allowing the jury to consider his prior felony convictions in weighing his credibility. (§ 2254 Pet. 30.) Although Turner presented this claim to the Supreme Court of Virginia in his state habeas proceedings, the court found it procedurally barred pursuant to *Slayton*:

> The Court holds that [this claim] is barred because this non-jurisdictional issue could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for a writ of habeas corpus.

*Turner v. Warden of the Sussex I State Prison*, No. 102169, at 5 (Va. Nov. 4, 2011) (*citing Slayton*, 205 S.E.2d at 682). As discussed above, the Fourth Circuit has recognized the rule in *Slayton* as an adequate and independent procedural bar when so applied. *Mu'min*, 125 F.3d at 196. Thus, Turner's Ground 3(b) is procedurally defaulted unless he can demonstrate cause for his procedural violation and prejudice resulting therefrom.

### 3.    Grounds 3(a) and 3(b):  Excuse for Procedural Default

The petitioner bears responsibility for asserting cause and prejudice to excuse his or her default. *See Burket v. Angelone*, 208 F.3d 172, 183 n.10 (4th Cir. 2000); *United States v. Pregent*, 190 F.3d 279, 284 n.5 (4th Cir. 1999). To demonstrate cause, the petitioner must point to "'some objective factor external to the defense [that] impeded counsel's [or petitioner's] efforts to comply with the State's procedural rule.'" *Strickler v. Greene*, 527 U.S. 263, 283 n.24

(1999) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). In response to Respondent's

procedural default argument, Turner simply reasserts that the trial court violated his

constitutional right to due process. (Pet'r's Opp'n 11.) Because Turner presents no argument

regarding cause that might excuse his procedural default, the Court will DISMISS Grounds 3(a)

and 3(b).[14]

---

[14] Even if these grounds were not procedurally defaulted, the Court would find these
claims meritless. In Ground 3(a), Turner challenges the introduction of his prior violent felonies
during the guilt phase instead of the sentencing phase as violative of his due process rights.
Virginia's Three Strikes Law requires proof of the prior violent felonies, and no due process
violation occurs when such evidence is introduced during the guilt phase. Va. Code § 19.2-
297.1; *Spencer v. Texas*, 385 U.S. 554, 561-64 (1967) (finding no due process violation in Texas
recidivist rule permitting the introduction of a defendant's prior conviction during guilt phase);
*Washington v. Commonwealth*, 634 S.E.2d 310, 316 (Va. 2006) (holding proof of prior violent
felonies admissible during the guilt phase of the trial); *Medici v. Commonwealth*, 532 S.E.2d 28,
32 (Va. 2000), *overruled on other grounds by Townsend v. Commonwealth*, 619 S.E.2d 71 (Va.
2005) (finding that the introduction of a defendant's prior crimes during the guilt phase did not
violate his due process rights).
    In Ground 3(b), Turner challenges the following jury instruction: "You may consider
proof of a defendant's prior conviction of the felony as effecting [sic] his credibility, but it does
not render him incompetent to testify, nor shall you consider it as evidence o[f] his guilt on the
offense for which he is on trial." Jury Trial Tr. 126:14-18, *Commonwealth v. Turner*,
No. CR07000640-01 (Va. Cir. Ct. Mar. 4, 2008). This instruction correctly stated the applicable
law in Virginia. Va. Code § 19.2-269; *Able v. Commonwealth*, 431 S.E.2d 337, 546 (Va. Ct.
App. 1993). The Supreme Court of the United States has long recognized that a defendant who
elects to testify on his own behalf is subject to impeachment similar to any witness. *Grunewald
v. United States*, 353 U.S. 391, 420 (1957).
    Because Turner chose to take the stand, his prior felony convictions constituted proper
impeachment material, and no due process violation occurred based on the jury instruction as to
the use of his prior felony convictions, especially considering the included limiting instruction.
*See, e.g., United States v. Belt*, 514 F.2d 837, 846-50 (D.C. Cir. 1975) (finding no due process
violation in a statute mandating the admission of a witness's prior conviction); *see also Spencer*,
385 U.S. at 560-61 (recognizing that the probative value of a prior conviction used to impeach a
testifying defendant's credibility may outweigh the resulting prejudice).

C.      **Ground 6**

1.      **Failure to Exhaust and Procedural Default**

In Ground 6, Turner contends that the Commonwealth's Attorney "intentionally distorted material fact[]s that [a]ffected the truth-seeking function o[f] the trial process" and violated his speedy trial rights "as guaranteed by the 6th Amendment." (§ 2254 Pet. 38.) Turner did not raise this claim in his original state habeas petition filed with the Supreme Court of Virginia, but twice attempted to supplement his petition with this claim. Mot. Traverse Supp'l Exhaustion Issue, *Turner v. Warden of the Sussex I State Prison*, No. 102169 (Va. received Feb. 22, 2011); Petition for Habeas Corpus, *Turner v. Warden of the Sussex I State Prison*, No. 102169 (Va. received Dec. 20, 2010). The Supreme Court of Virginia denied Turner's requests to supplement his petition and never considered this claim. Order, *Turner v. Warden of the Sussex I State Prison*, No. 102169 (Va. entered Feb. 28, 2011); Order, *Turner v. Warden of the Sussex I State Prison*, No. 102169 (Va. entered Jan. 24, 2011). Thus, Ground 6 remains unexhausted.

If Turner were to attempt now to present Ground 6 to the Supreme Court of Virginia, that court would find the claim procedurally defaulted as time-barred pursuant to Va. Code § 8.01-654(A)(2) and successive pursuant to Va. Code § 8.01-654 (B)(2). As discussed above, both bars are adequate and independent procedural rules when so applied. *See George*, 100 F.3d at 363-64; *Sparrow*, 439 F. Supp. 2d at 587-88. Ground 6 is procedurally defaulted unless Turner can demonstrate cause for his procedural violation and prejudice resulting therefrom

2.      **Excuse for Procedural Default**

Turner asserts that he failed to submit Ground 6 in his original habeas petition because he "could not access research material . . . due to the high security level restricting movement in

non[-]privilege." (§ 2254 Pet. 11.)  He states that he is a "nonprofessional in the study and procedures of law" (Pet'r's Opp'n 2), and that "requesting . . . case cites takes months" (§ 2254 Pet. 11).  He further indicates that he "only discovered the flaw and misconduct of trial counsel in his attempt to fight his case" after he "had read the Georgetown Law Journal in the facilities Law Library." (Pet'r's Opp'n 2.)

Turner's attempt to show cause fails for two reasons.  First, he presents his contentions about an inability to access the law library in wholly conclusory terms.  "He does not explain in any detail whatever the manner in which his alleged inability to access the law library prevented him from raising" this claim in his original state habeas petition. *Saunders v. Johnson*, 2011 WL 1558420, at *6 (E.D. Va. Apr. 21, 2011).  "Such conclusory and unexplained allegations do not suffice to show cause to overcome a procedural default." *Id.*  Second, Turner does not claim a total lack of access to the law library, but instead complains that requesting cases took months. He fails to explain how this limited access prevented him from presenting Ground 6 along with the other claims presented in his original state habeas petition. *Cf. Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir.1991) (concluding procedural default is not excused where petitioner fails to show a causal relationship between his or her procedural default and inadequate legal resources in prison).  Because Turner has failed to demonstrate cause to excuse his procedural default, the Court will DISMISS Ground 6.[15]

---

[15] Further, Turner's contentions in Ground 6 have no merit.  A review of the record demonstrates no misrepresentations or factual distortions as alleged by Turner.  Regardless, as discussed below, Turner suffered no speedy trial violation as a result of any conduct by the Commonwealth's Attorney. *See infra* Part V.

### IV.  Grounds 1(a), 1(b), and 2:  Ineffective Assistance of Counsel Claims

Grounds 1(a), 1(b), and 2 assert ineffective assistance of counsel, challenging conduct of trial counsel and appellate counsel.  As discussed below, the Court will dismiss these claims on the merits.

### A.    Applicable Law for Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court held that to demonstrate the ineffective assistance of counsel, a defendant first must show that counsel's representation was deficient and, then, must establish that the deficient performance prejudiced the defense.  *See id.* at 687.  To satisfy the deficient performance facet of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'"  *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (*quoting Strickland*, 466 U.S. at 689).  Prejudice requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.  In analyzing ineffective assistance of counsel claims, it is not necessary to "determine whether counsel's performance was deficient before examining the prejudice" issue.  *Id.* at 697.

### B.    Ground 1:  Ineffective Assistance of Counsel Based on Trial Counsel's Conduct

#### 1.    Ground 1(a)

In Ground 1(a), Turner alleges that trial counsel knew the victim named in the robbery indictment would not appear at trial.  (§ 2254 Pet. 25.)  Upon the advice of trial counsel, Turner waived preliminary hearing on the robbery charge with the hope of expediting the robbery trial

and getting the charge dismissed. (*Id.*) Turner alleges that he warned trial counsel of the Commonwealth's intention to stall the proceedings by joining the robbery and carjacking indictments. (*Id.*) Turner claims that despite this warning, trial counsel did not act to prevent the delay. (*Id.*) Turner alleges that trial "counsel's lack of diligence in investigating and doing what was legally possible or necessary to ensure nothing impeded the hearing disadvantage[d] the defense" and resulted in the wavier of a speedy trial. (*Id.* at 26; Pet'r's Opp'n 9.)

In ruling on this claim as presented in his state habeas petition, the Supreme Court of Virginia found that Turner had satisfied neither prong of the *Strickland* test:

> [Turner] fails to demonstrate what counsel should have done prior to trial to prevent the Commonwealth from making a motion for joinder. [Turner] also fails to demonstrate that any action counsel took would have been successful. To the extent [Turner] is claiming counsel failed to preserve his right to be tried within the speedy trial period, the record, including the trial transcripts, demonstrates that [Turner] gave his "express assent" to the trial date in counsel's presence. Furthermore, [Turner] fails to demonstrate that, had this objection been made, the Commonwealth could not have tried the case within the statutory limit. Therefore, [Turner] has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Turner v. Warden of the Sussex I State Prison*, No. 102169, at 2 (Va. Nov. 4, 2011).

The Court finds that the Supreme Court of Virginia's decision did not involve an unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Turner's conclusory allegations as to what investigation should have occurred or what actions trial counsel should have taken insufficiently demonstrate deficient performance or prejudice under *Strickland. See Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990). Further, contrary to Turner's assertions, his trial counsel successfully moved to sever the two indictments, resulting in the Commonwealth moving to nolle prosequi the robbery charge that

same day. Continuance and Nolle Prosequi Order, *Commonwealth v. Turner*, No. CR07000640 (Va. Cir. Ct. entered Dec. 19, 2007). Finally, as further discussed below in connection with Ground 4, Turner explicitly agreed to the continuance of his trial on the carjacking indictment, and no violation of his speedy trial rights resulted from trial counsel's conduct. *See infra* Part V. Thus, the Court will DISMISS Ground 1(a).

### 2.    Ground 1(b)

In Ground 1(b), Turner alleges that trial counsel's performance issues "caused serious communication problems, prompting [Turner's] request to hire counsel." (§ 2254 Pet. 27.) Turner alleges that he asked trial counsel to inform the Circuit Court about this conflict and Turner's decision to hire new counsel. (*Id.*) Turner alleges that trial counsel performed deficiently by calling Turner to the stand to explain his reasons for seeking new counsel. (*Id.*) Turner claims he was "unable to adequately represent his reasons despite having justification" and feels that counsel abandoned him "in this phase of his criminal proceedings." (*Id.*) Turner claims the Circuit Court denied his request for a continuance to retain new counsel on the morning of trial because he could not adequately present his reasons for seeking new counsel. (Pet'r's Opp'n 9.)

In ruling on this claim as presented in his state habeas petition, the Supreme Court of Virginia found that Turner had satisfied neither prong of the *Strickland* test:

> [Turner] has failed to identify any instances of negligence, poor investigation, or "impeding performance" due to "conflict." [Turner] also fails to demonstrate how having him testify constituted deficient performance. Furthermore, [Turner] has failed to explain the nature of the conflict, and he does not demonstrate how counsel's actions resulted from the alleged conflict of interest. Thus, [Turner] has failed to establish either an actual conflict of interest or an adverse effect on counsel's performance. *See Mickens v. Taylor*, 535 U.S. 162, 172 (2002). [Turner] has failed to demonstrate that counsel's performance was deficient or

16

that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

*Turner v. Warden of the Sussex I State Prison*, No. 102169, at 4 (Va. Nov. 4, 2011).

The Court cannot find that this decision involved an unreasonable application of the law or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). The record demonstrates that immediately prior to the March 4, 2008 Jury Trial, trial counsel informed the Circuit Court that he needed to make a preliminary motion and that his client was requesting a continuance. Jury Trial Tr. 4:1-6, *Commonwealth v. Turner*, No. CR07000640-01 (Va. Cir. Ct. Mar. 4, 2008). Trial counsel then called Turner to the stand and asked him to explain his reasons for seeking a continuance. (*Id.* at 4:15-25.) Turner testified that he and trial counsel "seem to object on a lot of things" (*id.* at 5:2-3), that he had concerns about trial counsel's motive in presenting a defense (*id.* at 5:8-10), and that he disagreed with trial counsel's reading of a case and arguments raised in the motion to dismiss based on violation of speedy trial (*id.* at 5:11-6:5). The Circuit Court denied Turner's motion to continue. (*Id.* at 8:15-17.) Given that Turner was in the best position to articulate his dissatisfaction with trial counsel, trial counsel's decision to call Turner to the stand to explain his reasons for requesting a continuance did not constitute deficient performance.

Regardless, Turner still fails to demonstrate through his conclusory allegations as to irreconcilable differences and conflicts that but for some deficiency of trial counsel, the Circuit Court would have granted the motion to continue and allow Turner to obtain new counsel. *See Bassette*, 915 F.2d at 940-41. Turner made his motion on the morning of trial. The record does not reflect that Turner, who was proceeding with court-appointed counsel, had retained new counsel or that he could afford to retain new counsel anytime in the near future. On this record,

17

the Court cannot find that trial counsel's conduct resulted in a denial of counsel of choice. *Cf. Ungar v. Sarafite*, 376 U.S. 575, 590 (1964) (finding no Sixth Amendment violation from a court's denial of a motion for continuance because the motion was made on the morning of the scheduled hearing despite the fact that the defendant had retained counsel three days prior to the scheduled hearing); *Sampley v. Att'y Gen. of N.C.*, 786 F.2d 610, 614 (4th Cir. 1986) (finding no Sixth Amendment violation from a court's denial of a motion for continuance because the motion was made on the morning of the scheduled trial despite the fact that new counsel had previously been retained); *United States v. Inman*, 483 F.2d 738, 739-40 (4th Cir. 1973) (same).

Although Turner and counsel appear to have had a contentious relationship, Turner's conclusory statements do not demonstrate a breakdown of attorney-client communication to the extent that defense counsel was unable to conduct an adequate defense. *United States v. Hagen*, 468 F. App'x 373, 385 (4th Cir. 2012) (stating that the defendant's "disagreement with his attorney's trial strategies and tactics does not constitute a communication breakdown sufficient to warrant the substitution of counsel"); *United States v. Johnson*, 114 F.3d 435, 443 (4th Cir. 1997). The record instead reflects that trial counsel filed numerous pretrial motions and stood ready to defend Turner. Thus, Turner fails to show prejudice as well as deficient performance. Accordingly, the Court will DISMISS Ground 1(b).

## C.    Ground 2: Ineffective Assistance Based on Appellate Counsel's Conduct

In Ground 2, Turner asserts ineffective assistance of counsel based on appellate counsel's failure "to present evidence to support [Turner's] request for change of counsel, violating [Turner's] right to an effective review on appeal as guaranteed by the 6th and 14th Amendment[s] to the U.S. Constitution." (§ 2254 Pet. 6-7.) In ruling on this claim as presented

in his state habeas petition, the Supreme Court of Virginia found that Turner had satisfied neither

prong of the *Strickland* test:

> The selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Additionally, ineffective assistance of counsel claims are not cognizable on appeal and may only be raised in a petition for a writ of habeas corpus. *Walker v. Mitchell*, 224 Va. 568, 570, 299 S.E.2d 698, 699 (1983). [Turner] has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

*Turner v. Warden of the Sussex I State Prison*, No. 102169, at 4-5 (Va. Nov. 4, 2011).

The Court cannot find that this decision involved an unreasonable application of the law

or an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Indeed, the record

demonstrates that appellate counsel challenged the Circuit Court's denial of Turner's motion to

continue and retain new counsel in lieu of raising an ineffective assistance of counsel claim not

cognizable on appeal. *See Turner v. Commonwealth*, No. 1571-08-2, at 2 (Va. App. Ct. Feb. 4,

2009). Such a decision cannot be considered deficient performance. *Bell v. Jarvis*, 236 F.3d

149, 164 (4th Cir. 2000) (observing that to overcome the presumption that appellate counsel

chose the most promising issues for appellate review, a petitioner must demonstrate that the

ignored issues were "'clearly stronger'" than those presented (*quoting Smith v. Robbins,* 528

U.S. 259, 288 (2000))).

Further, Turner cannot show prejudice resulting from appellate counsel's decision. Both

the Supreme Court of Virginia and this Court have considered and have rejected the merits of the

claim Turner alleges appellate counsel should have raised on direct appeal. *Turner v. Warden of

the Sussex I State Prison*, No. 102169, at 4-5 (Va. Nov. 4, 2011); *see supra* Part IV.B.2. Thus,

the Court will DISMISS Ground 2.

19

## V. Ground 4: Speedy Trial Violation

In Ground 4, Turner contends that "the trial court errored [sic] in it's [sic] order reflecting a continuance had occurred effectively waiving [Turner's] speedy trial rights as guaranteed by the 14th Amendment to the U.S. Constitution." (§ 2254 Pet. 31.) Although Turner mentions the Fourteenth Amendment, it appears from briefing that Turner largely asserts a speedy trial violation under Virginia Code § 19.2-243.[16] (*See* § 2254 Pet. 32.) In order to obtain federal relief, an inmate must demonstrate that his rights under the Constitution, law, or treaties of the United States were violated. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Turner's Ground 4 challenges the Circuit Court's finding that no speedy trial violation had occurred under Virginia Code § 19.2-243. The true basis of Turner's claim appears to rest purely on an issue of state law not cognizable on habeas review. *Estelle*, 502 U.S. at 67-68. However, because he specifically mentions a violation of the Fourteenth Amendment in his Petition, the Court will construe his claim as alleging a speedy trial violation under the Sixth Amendment as extended to the states through the Fourteenth Amendment.[17]

---

[16] This statute provided in relevant part:

> Where a district court has found that there is probable cause to believe that an adult has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court . . . .

Va. Code § 19.2-243 (2007). The statute provides for tolling of any periods of delay caused "[b]y continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth." *Id.*

[17] Respondent contends that Turner failed to present any constitutional speedy trial violation to the Supreme Court of Virginia and instead relied only on a state statutory speedy trial violation. (Resp't's Br. Supp. 17-18.) On direct appeal, Turner clearly asserted only a statutory violation of his speedy trial rights. *Turner v. Commonwealth*, No. 1571-08-2, at 1-2

A.    **Factual and Procedural History Relevant to Ground 4**

Turner's arrest occurred on June 24, 2007, his preliminary hearing on the carjacking

charge occurred on September 14, 2007, and he was continually held without bond. *See* Motion

to Dismiss for Failure to Have a Speedy Trial, *Commonwealth v. Turner*, No. CR07000640-01

(Va. Cir. Ct. received Feb. 25, 2008). On October 16, 2007, a Grand Jury sitting in the County

of Hanover returned the robbery and carjacking indictments against Turner. Indictment,

*Commonwealth v. Turner*, No. CR7000640-00 (Va. Cir. Ct. filed October 16, 2007); Indictment,

*Commonwealth v. Turner*, No. CR07000640-01 (Va. Cir. Ct. filed October 16, 2007).

On December 19, 2007, Turner moved to sever the two indictments and requested a jury

trial on the carjacking charge. Continuance and Nolle Prosequi Order, *Commonwealth v. Turner*,

No. CR07000640 (Va. Cir. Ct. entered Dec. 19, 2007). The Circuit Court granted Turner's

motion. *Id.* Later that day, the Circuit Court granted the Commonwealth's motion to nolle

---

(Va. Ct. App. Feb. 4, 2009); Petition for Appeal 9-10, *Turner v. Commonwealth*, No. 091048 (Va. received May 26, 2009).

In his state habeas petition, Turner references the Fourteenth Amendment, although he appears to base his speedy trial claim on a violation of § 19.2-243. Petition for Habeas Corpus at 9, *Turner v. Warden of the Sussex I State Prison*, No. 102169 (Va. received Nov. 15, 2010). In ruling on his state habeas petition, the Supreme Court of Virginia recognized that Turner alleged a violation of the Fourteenth Amendment, but then held the claim barred because it had already been raised and decided on direct appeal. *Turner v. Warden of the Sussex I State Prison*, No. 102169, at 5 (Va. Nov. 4, 2011) (*citing Henry v. Warden*, 576 S.E.2d 495, 496 (2003)).

Although any Sixth Amendment speedy trial claim may be unexhausted and procedurally defaulted, further discussion of exhaustion and procedural default would not result in the efficient disposition of the case given the current state of the briefing before the Court. Therefore, the Court will turn to the merits of Ground 4. *Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999) ("[O]n occasion the determination of whether a petitioner has defaulted his claims will present difficult issues of state law that are not readily susceptible to decision by a federal court, while the claim advanced by the petitioner patently is without merit. In such a situation, a federal habeas court would not be justified in considering the procedural default issue.").

prosequi the robbery charge. *Id.* After the Commonwealth indicated that both counsel agreed on a joint motion to schedule the carjacking charge for a trial by jury on March 4, 2008, the Court confirmed with both defense counsel and Turner that they agreed to setting the case for trial on March 4, 2008. Tr. of Joint Mot. to Continue Trial Date 3:8-25, *Commonwealth v. Turner*, No. CR07000640 (Va. Cir. Ct. filed Feb. 28, 2008). "Pursuant to joint motion of counsel," the Circuit Court scheduled the carjacking charge for trial by jury on March 4, 2008. Continuance and Nolle Prosequi Order, *Commonwealth v. Turner*, No. CR07000640 (Va. Cir. Ct. entered Dec. 19, 2007).

On February 25, 2008, Turner filed a Motion to Dismiss for Failure to Have a Speedy Trial, arguing a violation of Va. Code § 19.2-243 because more than five months had elapsed since the September 14, 2007 preliminary hearing. Motion to Dismiss for Failure to Have a Speedy Trial, *Commonwealth v. Turner*, No. CR07000640-01 (Va. Cir. Ct. received Feb. 25, 2008). On February 25, 2008, the Circuit Court heard argument on the motion to dismiss and denied the motion, finding that the case had been continued to March 4, 2008 on a joint motion. Order Denying Mot. and Continuance Order, *Commonwealth v. Turner*, No. CR07000640 (Va. Cir. Ct. entered Mar. 11, 2008); Tr. of Def.'s Mot. for Dismissal of Indictment for Violation of Speedy Trial 24:13-25, *Commonwealth v. Turner*, No. CR07000640 (Va. Cir. Ct. Feb. 28, 2008).[18]

---

[18] Although Turner adamantly asserts that the Circuit Court erred in finding no violation of Virginia Code § 19.2-243, a review of the record and relevant case law demonstrates that the Circuit Court properly determined that Turner had acquiesced in the continuance until March 4, 2008 and that no statutory speedy trial violation had occurred. *See, e.g., Commonwealth v. Hutchins*, 533 S.E.2d 622, 625 (Va. 2000) (finding no violation of § 19.2-243 when defense counsel agreed and the defendant failed to object to the court setting a trial date beyond the statutory speedy trial date); *see also Howard v. Commonwealth*, 706 S.E.2d 885, 888 (Va. 2011)

On March 4, 2008, a jury found Turner guilty of carjacking after having been twice convicted of a violent felony and recommended a sentence of life imprisonment. Jury Trial Order, *Commonwealth v. Turner*, No. CR07000640 (Va. Cir. Ct. entered Mar. 19, 2008).

### B.   Turner Has Not Demonstrated a Denial of the Sixth Amendment Right to Speedy Trial

Although no definitive time period has been set for compliance with the constitutional stricture on trial delays, the Supreme Court of the United States directed courts to consider the following four factors to determine whether a violation of the constitutional right to a speedy trial has occurred: "(1) the length of the delay; (2) the reason for the delay; (3) whether [petitioner] timely asserted his [or her] right; and (4) whether delay prejudiced [petitioner's] case." *United States v. Hopkins*, 310 F.3d 145, 150 (4th Cir. 2002) (*citing Barker v. Wingo*, 407 U.S. 514, 530 (1972)). For a petitioner to prevail, the four factors must, on balance, weigh in his or her favor. *See United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995). Neither the critical first factor, nor the other remaining factors favor a finding for Turner.

### 1.   Length of Delay

The first factor also acts as a threshold requirement. *See Doggett v. United States*, 505 U.S. 647, 651-52 (1992). To trigger speedy trial analysis, the petitioner must demonstrate that the delay has "crossed the threshold dividing ordinary from presumptively prejudicial delay, since, by definition, he [or she] cannot complain that the government has denied him [or her] a 'speedy' trial if it has, in fact, prosecuted his [or her] case with customary promptness." *Id.* (internal quotations omitted). Here, the roughly nine-month delay between Turner's arrest and

---

(finding that the defendant's failure to object to a continuance initiated by the court tolled the statutory speedy trial date under § 19.2-243). Thus, to the extent Turner asserts a due process violation based on the Circuit Court's ruling, such claim must fail.

trial is not so out of the ordinary to give rise to a presumption of prejudice. *Hopkins*, 310 F.3d at

150 (concluding two-year delay "was not uncommonly long"); *United States v. Dirden*, 38 F.3d

1131, 1137-38 (10th Cir. 1994) (concluding seven and one-half month delay was not

presumptively prejudicial); *cf. Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)

("Depending on the nature of the charges, the lower courts have generally found postaccusation

delay 'presumptively prejudicial' at least as it approaches one year.").

### 2.   Reason for the Delay

Under the second factor, approximately three months of the delay, between December

and March, resulted because Turner agreed to a continuance until March 4, 2008. Thus, the

Commonwealth cannot be faulted for this three-month period of delay. *Hopkins*, 310 F.3d at

150; *United States v. Walker*, No. 3:09cr366, 2010 WL 2976049, at *6 (E.D. Va. July 28, 2010).

As for the remaining six-month period of delay between Turner's arrest and trial, no evidence

suggests that this delay should be weighed against the Commonwealth. *See Barker*, 407 U.S. at

531.

### 3.   Turner's Assertion of the Right

Under the third factor, the Court is required to consider whether and how strongly the

petitioner asserted his or her right for a speedy trial. *Id.* This factor does not favor Turner's

claim. Turner asserted a violation of his statutory speedy trial rights only after he acquiesced in

the continuance to March 4, 2008 and just eight days before the scheduled jury trial. Thus, he

did not timely assert a speedy trial violation. *See Hopkins*, 310 F.3d at 150 (finding the

defendant did not timely assert his speedy trial right because he waited until just five days before

trial to raise the issue for the first time).

24

#### 4.     Prejudice to Turner

The Supreme Court of the United States has instructed that the fourth factor, the

prejudice to the accused, must be evaluated in light of the interests the speedy trial right was

designed to protect:

> (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his [or her] case skews the fairness of the entire system.

*Barker*, 407 U.S. at 532. Although Turner was prejudiced to some extent by his pretrial

incarceration and the anxiety associated with the charge, Turner makes no claim that the period

of delay between his arrest and trial impaired his defense. Turner has failed to specify how his

case was in any way prejudiced by the delay. *See Barker*, 407 U.S. at 534 (finding no prejudice

although five years had elapsed between the defendant's arrest and trial); *Hopkins*, 310 F.3d at

150.

Under such circumstances, Turner has failed to demonstrate that his Sixth Amendment

right to a speedy trial was violated. Accordingly, Turner's Ground 4 will be DISMISSED.

### VI. Ground 5: Sufficiency of the Evidence

In Ground 5, Turner contends that the evidence presented at trial was insufficient to

support his conviction. Specifically, he contends that the videotape evidence and his own

testimony refuted the victim's testimony as to the threat of violence, an element of carjacking.

(§ 2254 Pet. 34-37.) As discussed below, the Court finds the evidence adduced at trial sufficient

25

to support Turner's conviction of carjacking after having been twice convicted of a violent felony.[19]

### A.   Applicable Law for Sufficiency of the Evidence Claims

A federal habeas petitioner is entitled to relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Greene v. Johnson*, No. 3:10cv53, 2010 WL 5395057, at *6 (E.D. Va. Dec. 28, 2010). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. *Id.* at 318.

### B.   The Findings of the Court of Appeals of Virginia

In analyzing this claim on his direct appeal, the Court of Appeals of Virginia first restated the elements of the crime of carjacking:

Carjacking is defined by statute as

> the intentional seizure or seizure of control of a motor vehicle of another with intent to permanently or temporarily deprive another in possession or control of the vehicle of that possession or control by means of partial strangulation, or suffocation, or by striking or beating, or by other violence to the person, or by assault or otherwise putting a person in fear of serious bodily harm, *or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever.*

---

[19] Turner's claim does not challenge the Commonwealth's evidence as to his prior violent felonies, but instead only challenges proof of an essential element of the carjacking offense.

*Turner v. Commonwealth*, No. 1571-08-2, at 4 (Va. Ct. App. Feb. 4, 2009) (*citing* Va. Code

§ 18.2-58.1) (emphasis added).

      The Court of Appeals then aptly recounted the evidence against Turner and rejected

Turner's claim as follows:

> Here, the victim testified that she was inside her car in a Wal-Mart parking
> lot when [Turner] approached her front passenger-side door on foot. According
> to the victim, [Turner] "was messing with his pockets" as he approached. The
> victim testified that [Turner] then reached inside the vehicle, unlocked the door,
> sat on the passenger side of the car, pointed a knife at her, and ordered her to
> drive. When she refused to drive, the victim testified, [Turner] ordered her to exit
> the vehicle; after she initial refused to exit, [Turner] "pointed the knife closer" to
> the victim, and she jumped out of the car. [Turner] moved into the driver's seat.
> The victim's younger brother was still in the back seat. The victim testified that
> [Turner] ordered her brother to exit the vehicle, twice warning the brother, "If you
> don't get out, I will cut you." The victim testified that [Turner] also permitted her
> to retrieve her purse from the vehicle before he drove away in her vehicle.
>
> [Turner] testified that, while he drove off in the victim's car, he never
> showed her a knife or pointed a knife at her. [Turner] testified that he asked the
> victim for a ride and that he did not intimidate or threaten the victim.
>
> [Turner] contends that the parking lot surveillance videotape, which was
> admitted into evidence at trial, supported his testimony and rendered the victim's
> testimony inherently incredible.   Specifically, [Turner] contends that the
> videotape demonstrated that [Turner's] entry of the vehicle and the victim's exit
> from the vehicle were virtually simultaneous, thus leaving insufficient time for
> appellant to threaten the victim with a knife as the victim testified.
>
> The finder of fact is not required to accept a party's evidence in its
> entirety, *Barrett v. Commonwealth*, 231 Va. 102, 107, 341 S.E.2d 190, 193
> (1986), but is free to believe and disbelieve in part or in whole the testimony of
> any witness, *Rollston v. Commonwealth*, 11 Va. App. 535, 547, 399 S.E.2d 823,
> 830 (1991). Furthermore, "[i]n its role of judging witness credibility, the fact
> finder is entitled to disbelieve the self-serving testimony of the accused and to
> conclude that the accused is lying to conceal his guilt."   *Marable v.
> Commonwealth*, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).
>
> Here, regardless of whether the videotape evidence confirmed the
> complete accuracy of the victim's account, a rational fact finder could have found
> the victim's testimony credible and [Turner's] testimony lacking in credibility.
> The jury was permitted to infer from the victim's hasty exit from her vehicle that
> [Turner] behaved in a threatening manner to her. Further reinforcing such an
> inference was testimony that [Turner] possessed a knife in his pocket when he
> was later apprehended for driving off in the victim's car. Viewing the totality of

the evidence, a rational fact finder could find beyond a reasonable doubt that [Turner] intentionally seized control of the victim's motor vehicle with the intent to deprive the victim of possession or control of the vehicle "by the threat or presenting" of a deadly weapon. *See* [Va.] Code § 18.2-58.1.

*Id.* at 4-5 (fourteenth alteration in original).

Turner does not suggest that this finding "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1); (*see* Pet'r's Opp'n 12). Thus, the Court will determine whether this finding resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2).

### C.   Ample Evidence Supported the Jury's Verdict

Based on the evidence presented at trial, the Court finds that the Court of Appeals of Virginia's holding was not based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Viewing the evidence in the light most favorable to the Commonwealth, the evidence amply supports the conclusion that Turner seized the victim's vehicle by the threat or presenting of a knife, and any rational trier of fact could have found beyond a reasonable doubt the essential elements required by the carjacking charge.[20] Turner contends that the video evidence refutes the victim's testimony in many ways, for example by showing that no conversation could have occurred based on his entrance and the victim's almost simultaneous exit. (§ 2254 Pet. 35.) Having reviewed the video evidence, the Court finds that a rational juror could have determined that the video largely confirmed the victim's testimony that Turner threatened her and her brother with a knife, especially considering the frantic reaction of both the victim and her brother

---

[20] As stated above, Turner's challenge to the sufficiency of the evidence is limited to whether the Commonwealth proved the threat or presenting of a dangerous weapon.

immediately following Turner's entrance into the vehicle. Turner also argues that the victim's testimony about returning to the passenger side of the vehicle to retrieve her purse cannot be reconciled with her testimony about being threatened with a knife. (*Id.*) However, a rational juror could have found her testimony about opening the passenger door to beg for her brother's release credible.

Ultimately, Turner's Ground 5 boils down to a dispute over the jury's finding that the victim testified more credibly than he. However, the credibility of witnesses lies within the sole province of the jury and is not susceptible to review. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989). Because a rational jury could have found beyond a reasonable doubt that the essential elements of carjacking had been proven, the Court will DISMISS Ground 5.

## VII. Miscellaneous Motions

On January 19, 2012, Turner filed a Motion for Appointment of Counsel. (Docket No. 9.) The Court need not appoint counsel unless the case presents complex issues or exceptional circumstances. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296 (1989); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 722-23 (E.D. Va. 2008). Because this case presents no complex issues or exceptional circumstances, the Court will DENY Turner's Motion for Appointment of Counsel.

Turner also moves for an evidentiary hearing. Because the record before the Court conclusively demonstrates that Turner is not entitled to any relief, the Court will DENY his request for an evidentiary hearing. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

## VIII.  Conclusion

For the foregoing reasons, the Court finds the claims presented in Turner's § 2254

Petition to be either procedurally defaulted or without merit.  Thus, Respondent's Motion to

Dismiss will be GRANTED (Docket No. 4), Turner's Motion for Appointment of Counsel will

be DENIED (Docket No. 9), and Turner's request for an evidentiary hearing will be denied.

Accordingly, the grounds raised in Turner's § 2254 Petition will be DISMISSED, Turner's

§ 2254 Petition will be DENIED, and this action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge

issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A).  A COA will not issue

unless a prisoner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  This requirement is satisfied only when "reasonable jurists could debate whether

(or, for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

No law or evidence suggests Turner is entitled to further consideration in this matter.  A COA

will therefore be DENIED.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: _9-11-12_

30